**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GARY R. FEENSTER,

            Plaintiff,

     v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

          Defendant.

Civil Action No. 14-2006
DAR

<u>**MEMORANDUM OPINION**</u>

       Plaintiff Gary Feenster ("Plaintiff") commenced this action against the Commissioner of Social Security ("Defendant"), pursuant to 42 U.S.C. § 405(g), seeking reversal of the Appeals Council's decision denying Plaintiff's application for waiver of an overpayment of Disability Insurance Benefits.  *See* Compl. (ECF No. 1) ¶ 4.  The parties consented to proceed before the undersigned for all purposes.  Pending for determination by the court are Plaintiff's Motion for Judgment of Reversal ("Plaintiff's Motion") (ECF No. 8) and Defendant's Motion for Judgment of Affirmance ("Defendant's Motion") (ECF No. 10).  Upon consideration of the motions, the memoranda in support thereof and opposition thereto, the administrative record, and the entire record herein, the court will grant Defendant's Motion and deny Plaintiff's Motion.

Feenster v. Colvin

## FACTUAL BACKGROUND

On October 16, 2000, Plaintiff applied for Disability Insurance Benefits, pursuant to

Section 216(i) and 223 of the Social Security Act, alleging disability beginning August 26, 2000,

on which day he suffered a stroke.  Administrative Record ("AR") (ECF No. 4-2) at 148.

Plaintiff identified his disabilities as vascular dementia, depression, and left-side weakness.  *Id.*

at 171-72.  The application was initially denied.  AR at 148.  However, following an

administrative hearing, Administrative Law Judge C. J. Sturek ("ALJ") determined that Plaintiff

was entitled to disability benefits.  *Id.* at 173.

On June 30, 2002, Defendant issued Plaintiff a Notice of Award, notifying Plaintiff of his

entitlement to monthly disability benefits of $1,476 beginning July 2002.  AR (ECF No. 4-6) at

408.  Plaintiff denied receiving the Notice of Award.  AR (ECF No. 4-7) at 472.  In July 2003,

Plaintiff returned to work, and his "Trial Work Period" began.  AR (ECF No. 4) at 20.[1]  Plaintiff

completed his nine-month Trial Work Period by working at U.S. Airways for five months from

July through November in 2003, Express Services for three months from August through

October in 2005, and American Chemical Society for one month in November 2005.  *Id.*

Plaintiff continued to work at American Chemical Society from November 2005 through 2011.

AR (ECF No. 4-3) at 229; AR (ECF No. 4-1) at 99.

On November 8, 2006, Defendant issued Plaintiff a Notice of Proposed Decision,

informing Plaintiff of his ineligibility to receive benefits from March 2006 through August 2006

because of his "substantial work activity."  AR (ECF No. 4) at 36.  Furthermore, the Notice

indicated that Plaintiff's disability would end if his work activity showed his ability to do

---

[1] 20 C.F.R. § 404.1592(a) provides, in pertinent part, that "[t]he trial work period is a period during which [beneficiaries] may test [their] ability to work and still be considered disabled."  During this period, beneficiaries may perform services in as many as nine months, but these months do not have to be consecutive.  *Id.*

Feenster v. Colvin

"substantial work." *Id.* at 38.  In 2006, the term "substantial work" was defined as any work

earning over an average of $860 per month.  *Id.*  Plaintiff was also notified of an Extended

Period of Eligibility, during which he would be entitled to benefits if his work was not

"substantial" and his health problems met Social Security Administration ("SSA") rules.  *Id.*

Plaintiff's Extended Period of Eligibility lasted from December 2005 through December 2008.

Def.'s Mem. (ECF No. 10) at 6.  From December 2005 through August 2006, Plaintiff earned a

monthly salary of $6,384, except June 2006 when he earned $9,576.  AR (ECF No. 4) at 48.

Plaintiff did not respond to the Notice of the Proposed Decision, believing that the

cessation of his benefits was only temporary from March 2006 through August 2006.  Pl.'s Mem.

(ECF No. 8-1) at 2.  On November 30, 2006, SSA personnel completed a cessation form

indicating that Plaintiff's benefits ceased in December 2005, and that an Extended Period of

Eligibility reinstatement was allowed in September 2006.  *Id.*

Plaintiff continued to receive disability benefits while earning $82,595 in 2006, $84,087

in 2007, $102,000 in 2008, and $106,800 in 2009.  *Id.* at 20.  On July 21, 2009, Plaintiff received

a letter from Defendant requesting information about his work activity.  *Id.* at 21.  The letter

indicated that Defendant was aware of Plaintiff's continuous employment at Chemical Society

from 2005 through 2008.  *Id.*  Believing that he had no new information to report, Plaintiff did

not respond to the letter.  *Id.*  In July 2010, Defendant stopped paying Plaintiff's benefits.  *Id.* at

22.

On August 3, 2010, Defendant issued Plaintiff a Notice of Proposed Decision stating that

Plaintiff's disability benefits ended because of his substantial gainful activity, and that based on

corrected information about his earnings in 2006, Plaintiff was not entitled to benefits for March

2006 and continuing.  AR (ECF No. 4-6) at 439.  On December 16, 2010, Defendant sent

4

Feenster v. Colvin

Plaintiff a Billing Statement notifying him of an overpayment of $89,802, which had been accrued from September 2006 through December 2010.  AR (ECF No. 4-3) at 242-45; AR (ECF No. 4-2) at 81.

On May 3, 2011, Plaintiff filed a request for Waiver of Overpayment, which was processed in February 2012.  AR (ECF No. 4-3) at 247-48.  Defendant denied Plaintiff's request for Waiver of Overpayment, informing that Plaintiff "did not provide [Defendant] enough information to support the fact that [Plaintiff was] not at fault in causing the overpayment."  *Id.* (ECF No. 4-4) at 287, 288.  Upon the denial of his waiver request at a personal conference, Plaintiff filed a Request for Hearing on February 29, 2012.  *Id.* at 293.

Following an administrative hearing, Plaintiff's request for waiver was again denied.  AR (ECF No. 4) at 24.  Although the ALJ found that Plaintiff was "not at fault" in causing the overpayment of benefits, the overpayment was not waived because its recovery would "not defeat the purpose of Title II of the [Social Security] Act" and would not be "against equity and good conscience."  *Id.* at 20, 23.  Plaintiff appealed the decision to the Appeals Council for review.  AR (ECF No. 4-4) at 320-31.  The Appeals Council disagreed with ALJ's finding that Plaintiff was "not at fault," and found that Plaintiff was "at fault causing and accepting the overpayment because he failed to timely report his work activity and accepted payments which he knew or could have been expected to know were incorrect."  AR (ECF No. 4) at 12, 22. Accordingly, the Appeals Council affirmed ALJ's decision to deny Plaintiff's request for waiver of overpayment.  On December 26, 2014, Plaintiff filed an action in this Court to reverse the decision of the Appeals Council.  Compl. (ECF No. 1) at 2.

Feenster v. Colvin

## CONTENTIONS OF THE PARTIES

Plaintiff contends that the Appeals Council's decision must be reversed because it was not supported by substantial evidence.  Compl. (ECF No. 1) ¶ 5.  Specifically, Plaintiff argues that the Appeals Council's finding of Plaintiff's fault in causing the overpayment was not supported by substantial evidence, because Plaintiff was not notified of his reporting responsibilities and relied on erroneous information provided by Defendant.  Pl.'s Mem. (ECF No. 8-1) at 5-6.  Plaintiff also argues that the Appeals Council failed to consider the "equity and good conscience" issue in light of Defendant's letter advising that Plaintiff continued to be eligible for benefits.  *Id.* at 8.

Defendant counters that Plaintiff failed to timely report his work activity when he returned to work in August 2005 with the knowledge of his reporting responsibilities.  Def.'s Opp'n (ECF No. 11) at 13-14.  Defendant further argues that Plaintiff knew or could have been expected to know that he was not eligible for disability benefits because Plaintiff's annual earnings "far exceeded" substantial gainful activity.  *Id.* at 15.

## STATUTORY FRAMEWORK

Under the Social Security Act, no recovery of overpayment may be sought if the overpaid person is (1) "without fault" and (2) such recovery would either "defeat the purpose of [Title II of the Act]" or be "against equity and good conscience."  42 U.S.C. § 404(b)(1).  In determining whether a person is "without fault," SSA must take into account any "physical, mental, educational, or linguistic limitation such individual may have (including any lack of facility with the English language)."  § 404(b)(2).  SSA's fault in making the overpayment does not relieve the overpaid person's liability if the person is at fault.  20 C.F.R. § 404.507.  What constitutes "fault" depends on whether the overpayment resulted from (1) "[a]n incorrect statement made by

Feenster v. Colvin

the individual which he knew or should have known to be incorrect," (2) "[f]ailure to furnish

information which he knew or should have known to be material, or (3) "acceptance of a

payment which he either knew or could have been expected to know was incorrect." *Id*. The

burden of proof is on the claimant to show that he was without fault in causing an overpayment.

*Anderson v. Sullivan*, 914 F.2d 1121, 1122 (9th Cir. 1990).

Recovery of an overpayment would "defeat the purpose of [Title II of the Act]" if such

recovery "deprive[s] a person of income required for ordinary and necessary living expenses."

20 C.F.R. § 404.508.  An individual's "ordinary and necessary" living expenses include:

(1) Fixed living expenses, such as food and clothing, rent, mortgage payments,
utilities, maintenance, insurance (e.g., life, accident, and health insurance
including premiums for supplementary medical insurance benefits under title
XVIII), taxes, installment payments, etc.;
(2) Medical, hospitalization, and other similar expenses;
(3) Expenses for the support of others for whom the individual is legally
responsible; and
(4) Other miscellaneous expenses which may reasonably be considered as part of
the individual's standard of living.

§ 404.508(a)(1)-(4).

Additionally, such recovery would "defeat the purpose of [T]itle II" of the Act if the

person "needs substantially all of his current income (including Social Security monthly benefits)

to meet current ordinary and necessary living expenses."  § 404.508(b).

Recovery of an overpayment is "against equity and good conscience" if the individual (1)

"[c]hanged his or her position for the worse . . . or relinquished a valuable right . . . because of

reliance upon a notice that a payment would be made or because of the payment itself" or (2)

"[w]as living in a separate household from the overpaid person at the time of the overpayment

and did not receive the overpayment."  § 404.509(a)(1)-(2).  The individual's financial

circumstances are not material to a finding of against equity and good conscience.  § 404.509(b).

Feenster v. Colvin

## APPLICABLE STANDARD OF REVIEW

Claimants may seek judicial review in a district court of "any final decision of the Commissioner of Social Security made after a hearing to which [they were] a party . . . ." 42 U.S.C. § 405(g).  The Commissioner's ultimate determination will not be disturbed "if it is based on substantial evidence in the record and correctly applies the relevant legal standards." *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (citations omitted).  In other words, a "district court's review of the SSA's findings of fact is limited to whether those findings are supported by substantial evidence." *Broyles v. Astrue*, 910 F. Supp. 2d 55, 60 (D.D.C. 2012) (citations omitted).  Substantial evidence is such relevant evidence as "a reasonable mind might accept as adequate to support a conclusion." *Butler*, 353 F.3d at 999 (internal quotation marks omitted) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The test requires "more than a scintilla, but can be satisfied by something less than a preponderance of evidence." *Id.* (citation omitted) (internal quotation marks omitted).

The District of Columbia Circuit has observed that "[s]ubstantial-evidence review is highly deferential to the agency fact-finder," *Rossello ex rel. Rossello v. Astrue*, 529 F.3d 1181, 1185 (D.C. Cir. 2008), and that "a reviewing judge must uphold the ALJ's legal 'determination if it . . . is not tainted by an error of law.'" *Jeffries v. Astrue*, 723 F. Supp. 2d 185, 189 (D.D.C. 2010) (quoting *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987)); *see also Nicholson v. Soc. Sec'y Admin.*, 895 F. Supp. 2d 101, 103 (D.D.C. 2012) (citation omitted) (internal quotation mark and alteration omitted) (noting that the inquiry upon judicial review "examines whether the ALJ has analyzed all evidence and has sufficiently explained the weight he had given to obviously probative exhibits"); *Guthrie v. Astrue*, 604 F. Supp. 2d 104, 112 (D.D.C. 2009) (citation omitted) (noting that the court is "not to review the case 'de novo' or reweigh the

Feenster v. Colvin

evidence"). The plaintiff bears the "burden of demonstrating that the Commissioner's decision [was] not based on substantial evidence or that incorrect legal standards were applied." *Muldrow v. Astrue*, No. 11-1385, 2012 WL 2877697, at *6 (D.D.C. July 11, 2012) (citation omitted) (R. & R.), *adopted by* Order, *Muldrow v. Astrue*, No. 11-1385 (D.D.C. filed July 30, 2012), ECF No. 14; *see also Charles v. Astrue*, 854 F. Supp. 2d 22, 27-28 (D.D.C. 2012).

## DISCUSSION

The court finds that the SSA's finding that Plaintiff was at fault in causing and accepting overpayment is supported by substantial evidence. First, the court finds that substantial evidence supports that Plaintiff knew or could have been expected to know that he was receiving incorrect payments based on the information provided by Defendant.

At the administrative hearing held on December 19, 2012, Plaintiff testified that:

> I understood [Trial Work Period] to mean that it would give me an opportunity to try to get back into the work force; and over a period of time, I would be qualified for the benefit until a certain period of time or certain conditions were met. I was not clear on the conditions, but I just figured Social Security would let me know when those conditions were met; and then, they would adjust my benefit accordingly.

AR (ECF No. 4-7) at 470.

Plaintiff's testimony shows that he had a clear understanding of what "Trial Work Period" meant, based on the information contained in the pamphlet which he had received around March 2003. *Id.* at 469-70. Plaintiff was aware that if he returned to work during and after the Trial Work Period, he had to satisfy certain conditions to receive benefits. And Plaintiff was expecting a notice from Defendant which would advise whether he met those conditions. In fact, after the completion of Plaintiff's Trial Work Period, Plaintiff received a Notice of Proposed Decision dated November 8, 2006, just as expected. *See id.* (ECF No. 4) at 36. The

Feenster v. Colvin

Notice of Proposed Decision indicated that "your disability ends if your work activity shows your ability to do substantial work."  *Id.* at 38.  On the same page, "substantial work" was defined as work that earned an average of $860 per month in 2006.  *Id.*  Thus, Plaintiff knew or could have been expected to know that *earning less than $860 per month* was the one of the "certain conditions" that he must satisfy to receive benefits if he returned to work.  Because Plaintiff was earning $6,384 per month when he received the Notice, he should have known that the condition was not satisfied, and that he was no longer eligible for benefits due to his "substantial work activity."

Furthermore, the record shows that during the period of overpayment, from December 2005 through July 2010, Plaintiff earned an annual income of $82,592 in 2006, $84,087 in 2007, $102,000 in 2008, $106,800 in 2009, and $92,955 in 2010.  These annual salaries exceeded the "substantial work activity" threshold salary of $860 per month.  Plaintiff knew or should have known this threshold salary because it was explicitly indicated in the Notice of Proposed Decision dated November 8, 2006.  AR (ECF No. 4) at 38.  Plaintiff does not dispute receiving the Notice of Proposed Decision dated November 8, 2006; rather, Plaintiff's argument of no fault is based on his reliance on erroneous information in the Notice.  *See* Pl.'s Mem. (ECF No. 8-1) at 6; Pl.'s Opp'n to Def.'s Mot. (ECF No. 13) at 4.  However, this court regards as unreasonable any argument that Plaintiff relied only on the erroneous information (Plaintiff's eligibility for benefits), but not on the correct information (the $860 threshold salary), all of which was contained in the same document.  AR (ECF No. 4) at 36, 38.

Additionally, there is no reason to suspect that Plaintiff had difficulties understanding the document.  As a veteran of the United States Army, he was educated, clearly literate, and worked as a senior application analyst designing computer systems.  *See* AR (ECF No. 4-2) at 118; AR

Feenster v. Colvin

(ECF No. 4-7) at 477.   Therefore, Plaintiff's "acceptance of payment[s] which he either knew or should have been expected to know [were] incorrect" constitutes "fault."  20 C.F.R. § 404.507(c).  Plaintiff continued to collect his undue benefits for five years, unreasonably giving himself the benefit of doubt when faced with arguably conflicting information regarding his eligibility.

Plaintiff argues that the Appeals Council failed to consider whether he was "without fault" under 20 C.F.R. § 404.510a on the ground that he relied on the erroneous information in the Notice of Proposed Decision dated November 8, 2006.  The Court disagrees.  The relevant part of Section 404.510a provides that

> Where an individual . . . accepts such overpayment because of reliance on erroneous information from an official source within the [SSA], . . . *with respect to the interpretation of a pertinent provision of the Social Security Act or regulations pertaining thereto* . . . , such individual, in accepting such overpayment will be deemed to be without fault.

20 C.F.R. § 404.510a (emphasis added).

Here, the erroneous information regarding Plaintiff's entitlement to benefits does not constitute "interpretation" of the Social Security Act or pertinent regulations.  The Sixth Circuit held that SSA letters notifying one's entitlement to benefits "do not purport to make any explicit or specific interpretation."  *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 393 (6th Cir. 2005) (discussing the application of 20 C.F.R. § 404.510a in the context of waiver of overpayment). The Sixth Circuit further noted that if these documents constituted official "interpretation" of the statute or regulations sufficient to trigger the good conscience exception to repayment, virtually all Social Security benefit recipients would be entitled to waivers of repayment if they received benefits of any kind and a letter describing those benefits.  *Id.*  Section 404.510a does not apply in the instant case.

Feenster v. Colvin

Thus, Plaintiff's purported reliance on the erroneous information of his eligibility in the Noticed of Proposed Decision does not render him without fault.  Because Plaintiff did not offer any other arguments of no fault, he failed to meet his burden of showing that he was not at fault in causing the overpayment.  *See Anderson*, 914 F.2d at 1122 ("The claimant of an overpayment has the burden of proving that he was without fault.").  The Appeals Council was correct in finding that Plaintiff was "not without fault."  Therefore, Plaintiff is not entitled to waiver of the overpayment.[2]

**CONCLUSION**

For the foregoing reasons, the Court concludes that the Appeals Council's decision to deny Plaintiff's waiver of overpayment is supported by substantial evidence.  An Order accompanying this Memorandum Opinion will be issued contemporaneously.

                              /s/
                              DEBORAH A. ROBINSON
                              United States Magistrate Judge

Date:   December 9, 2016

---

[2] Because the Court affirms the Appeals Council's finding that Plaintiff was at fault in causing the overpayment, no further discussion is needed with respect to whether the recovery of overpayment "defeats the purpose of the Act" or whether such recovery is "against equity and good conscience."